Appeal of **HUB DRESS MANUFACTUR-**    Docket No. 283.
**ING CO.**

A corporation may not deduct the value of securities transferred by it to its principal stockholder in consideration of his agreement to transfer at the request of the corporation from time to time, portions of the capital stock owned by him directly to employees of the corporation. The corporation may deduct as salaries paid the value of its stock transferred to such employees at the time when such transfers take place.

Submitted November 13, 1924; decided December 18, 1924.

*Allison L. H. Newton, Esq.,* for the taxpayer.

*Arthur H. Fast, Esq.,* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

This appeal involves income and profits taxes for the fiscal year ended June 30, 1920. The appeal arises on account of the disal-

lowance by the Commissioner of a deduction for the said year in the amount of $22,688.74 claimed to have been paid by the taxpayer as salaries to Samuel Kohn and Mark Kohn during the taxable year.

### FINDINGS OF FACT.

The Hub Dress Manufacturing Co. is a Massachusetts corporation organized in January, 1918. It succeeded the business originally founded by Hyman Kohn. Hyman Kohn had conducted the business as sole proprietor and when it was incorporated in 1918 he had all the stock, to-wit: $100,000 par value issued to himself.

For a number of years prior to this incorporation there had been associated with him in the business his two sons, Samuel Kohn and Mark Kohn. Mark Kohn had devoted himself to the selling of goods both at the place of business and by traveling. Samuel Kohn had charge of the manufacturing.

The services of these two men were necessary to the successful conduct of the business. In 1919 they believed they were inadequately paid for their services and negotiations were entered into with Hyman Kohn, their father, who was president of the company, with reference to additional compensation to which they considered themselves entitled. They preferred that such additional compensation be paid in stock of the corporation. An agreement in writing was entered into between Hyman Kohn and his two sons, Mark and Samuel, and the corporation, whereby Hyman Kohn agreed to turn over to each of the two sons 35 shares of the common stock of the corporation of the par value of $100 a share each year until the amount of 245 shares had been given to each. Each of the sons agreed to continue to work for the corporation for a period of seven years. In consideration of Hyman Kohn's agreeing both with the corporation and with Mark and Samuel Kohn to transfer the stock above mentioned as provided in the agreement, the corporation transferred and delivered to Hyman Kohn securities to the value of $22,688.74.

The contract also provided that if either of the said employees should die prior to the acquisition of the said 245 shares of stock, the right to receive the balance of the stock not transferred to them should forthwith accrue and become vested in his estate as at the date of such death, subject to the right of the corporation to purchase all of said shares at the same valuation as was placed on them when given to the employees. The right to receive the shares was not assignable.

### DECISION.

The deficiency as determined by the Commissioner is disallowed in part. The tax should be recomputed on the basis of this opinion, and final decision of the Board will be settled on consent or on seven days' notice.

### OPINION.

TRAMMELL: The taxpayer claims the right to deduct the entire amount of $22,688.74, which is the value of the securities it transferred to Hyman Kohn in the taxable year in question in considera-

tion of his agreeing to transfer to Samuel and Mark Kohn the shares of stock referred to in the statement of facts. It is claimed that this amount was compensation for services of said employees which was required to be paid during the taxable year. It appears, however, that the value of securities which the corporation turned over to Hyman Kohn during that year was in consideration of what Hyman Kohn was to pay out over a period of seven years. The substance of the transaction was that the corporation paid the above amount as consideration for acquiring the right in and the equitable title to the shares which Hyman Kohn transferred to the two employees. When Hyman Kohn paid out the securities each year he did so as trustee for the corporation which had the equitable title to the said securities in view of the fact that it had paid a valuable consideration therefor, that is, securities of the value of $22,688.74. The par value of the stock which was distributed to the employees is not material. A corporation is allowed to deduct a reasonable compensation which it is necessary to pay for services actually rendered. What the corporation paid for those services was the value of the stock which Hyman Kohn turned over to the employees for the corporation. Hyman Kohn, however, did not actually pay out or turn over to the employees the stock during the taxable year in question, but under the terms of his agreement he was required to do so over a period of seven years. The equitable ownership of the said stock changed from Hyman Kohn to the corporation and he held it for the corporation. The corporation is entitled to a deduction on account of the salaries paid in capital stock at its value at the time of payment.

What might have been the effect if one of the employees had died and the stock had been paid over to his heirs or legal representatives is not necessary to decide, since such an event did not occur. It is sufficient to say that unless such stock had been paid out or the right to receive it had accrued in favor of the employees, the corporation would not be entitled to a deduction on account thereof. The securities which the corporation gave up were exchanged for the purpose of acquiring the stock which was to be paid for services. Instead of the corporation, however, actually receiving such stock itself, in its own name, it permitted Hyman Kohn to distribute it for the services rendered to the corporation.

For the foregoing reasons it is the opinion of the Board that the taxpayer is not entitled to the deduction claimed in the year in question, but that it is entitled to deduct the amount of salaries paid in capital stock at its value at the time of payment.