PACKAGE MACHINERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54334. Promulgated August 8, 1933.

*Virgil Y. Moore, Esq.*, and *W. W. Johnston, C. P. A.*, for the petitioner.

*O. W. Swecker, Esq.*, for the respondent.

984

## OPINION.

ARUNDELL: The deduction claimed by the petitioner in its return and allowed by the respondent for compensation for personal services actually rendered amounted to $117,615.17, which is the total of cash paid, $71,065.17, plus the par value, $46,550, of stock issued under the resolution of July 21, 1921. The petitioner contends it is entitled to a deduction of $170,682.17, this being the total of cash paid, plus the fair market value, $99,617, of the stock so issued, and represents an increase of $53,067 over the amount deducted and allowed. This increase of $53,067, it will be noted, is the amount by which the fair market value of the stock issued exceeds its par value.

The amount of stock so issued and the fair market value thereof are agreed upon and have been stipulated by the parties. The respondent makes no contention, on the brief, as to the reasonableness of the deduction for which the petitioner contends, but asserts that petitioner's liability under the aforesaid resolution was a matter of dollars and cents and amounted to only $46,615.17, this being 25 percent of the profits after making the deductions specified in the

resolution, for which shares of the par value of $46,550 were issued and cash of $65.17, in lieu of fractional shares, was paid, and that, irrespective of the fair market value of those shares, petitioner is not entitled to deduct more than its liability. Thus, the controversy is centered on the additional compensation authorized and paid in stock under the resolution of July 21, 1921—whether petitioner was liable in dollars and cents for 25 percent of the profits computed under the terms of the resolution, or for shares of stock of an aggregate par value equal to a similar amount of the profits.

The respondent's position, we think, is premised upon an erroneous interpretation of the resolution authorizing the additional compensation. The resolution provided that 25 percent of the profits, after certain specified deductions had been made, should be set aside to pay the officers, in certain proportions, additional compensation, payment to be made in petitioner's common stock at par. Its effect was to create a liability on the part of the petitioner to its officers, not for a specific sum in terms of dollars and cents, but for a number of shares of stock of an aggregate par value equal to the profits in which the officers were entitled to participate. In other words the amount set aside was not the petitioner's absolute liability, but merely the measure of the number of shares to be issued. Thus the petitioner's liability for additional compensation to officers for the taxable year involved was 931 shares of its common stock, plus fractional shares for which cash was paid. This liability must, of course, for the purposes of the tax, be translated into dollars and cents; and we have consistently held that the translation must be based upon the fair market value of the stock as of the date of issue. *Hub Dress Mfg. Co.*, 1 B.T.A. 197; *Haskell & Barker Car Co.*, 9 B.T.A. 1087; and *Commercial Investment Trust Corp.*, 28 B.T.A. 143. See also *Alger-Sullivan Lumber Co.* v. *Commissioner*, 57 Fed. (2d) 3; and *Hudson Motor Car Co.* v. *United States*, 3 Fed. Supp. 834. So translated, the petitioner's liability for additional compensation, under the resolution of July 21, 1921, amounted to $99,617, disregarding fractional shares for which cash was paid, that being the stipulated fair market value of the stock issued, and not $46,550, the par value thereof.

Though, as hereinbefore stated, the point is not raised in respondent's brief, the question of the reasonableness of the entire deduction claimed is inherent in the issue, and the petitioner has adequately assumed its burden in that respect. The compensation paid was determined, seven years previously, after open bargaining in arm's length transactions; and the amounts paid to the several individuals concerned bear no relationship to their stockholdings. The evidence discloses a subsequent expansion in busi-

ness and increased earnings, with an attending rise in the value of petitioner's common stock of from $30 per share in 1921 to $107 per share in 1927, that has fully vindicated and justified the directors' action in authorizing the additional compensation. The findings of fact reflect the reasonableness of the compensation paid, and nothing would be gained by belaboring this report with further discussion of a point that does not appear to be seriously contested.

The respondent argues, on brief, that petitioner is estopped from claiming the greater deduction, because respondent was misled by the information contained in its return anent the amounts of compensation paid to officers and, therefore, withheld, until after the statutory period of limitation had expired, adjustment of the officers' individual returns in which they had reported compensation based upon the par value, instead of market value, of the stock issued to them by the petitioner. But aside from the fact that estoppels, in order to be available on the trial must be pleaded and proved, *In re Stoddard Bros. Lumber Co.*, 169 Fed. 190, a matter which respondent apparently has overlooked, there is, so far as we can ascertain from the facts before us, no ground for invoking the doctrine of estoppel here. The "misleading" information in the petitioner's return, to which respondent refers, is merely the claimed deduction for compensation based upon the par value, rather than market value, of the stock issued. The respondent's position implies that petitioner deliberately refrained from claiming the larger and more advantageous deduction based upon market value of the stock. But even assuming the implication to be correct, we can find no connection between the petitioner's action and that of its officers in their individual returns.

*Decision will be entered under Rule 50.*