### In re JONES et al.

(District Court, E. D. North Carolina. June 10, 1902.)

1. BANKRUPTCY—PARTNERSHIP—VALIDITY OF CHATTEL MORTGAGE.

A chattel mortgage signed by the individual members of a partnership, describing the property as "all the goods in store where they are doing business in E. City, N. C.," which was not recorded until the day before the firm filed a petition in voluntary bankruptcy, at which time it was past due, and under which the firm was permitted to sell goods from the store until their bankruptcy, is void as a lien, as against other creditors of the bankrupt firm, nor does it create a debt which can be proved as a claim against the partnership estate, where it contains nothing on its face to indicate that it was intended to be a partnership liability.

2. SAME—PROVABLE DEBTS AGAINST PARTNERSHIP ESTATE — NOTE SIGNED BY INDIVIDUAL PARTNERS.

A note signed by the members of a firm as individuals, with nothing on its face to indicate that it was given for a partnership debt, is presumptively the debt of the individuals, and cannot be proved as a claim, against the estate of the partnership in bankruptcy, to share with firm creditors.

In Bankruptcy. On certificate from referee.

The following is the opinion of Referee Guirkin, embracing his findings of fact and conclusions of law.

On the 28th day of March, 1902, the partnership of Jones, Raper & Co. was duly adjudicated a bankrupt by a voluntary proceeding. There has been no adjudication as to the individuals composing the partnership.

At a meeting of the creditors to file proofs of claims, and to elect a trustee, the respondent, G. M. Davis, presented, to be filed, a certain bond and mortgage executed on the 1st day of January, 1902, for the sum of $2,500, less sundry credits on same. The bond presented was signed individually by R. H. Raper, T. C. Jones, Florence E. Jones, W. S. Cartwright, and J. F. Engle, under their separate signatures and seals, and the name of the firm Jones, Raper & Co. nowhere appears on said bond. The said mortgage was signed individually by R. H. Raper, T. C. Jones, W. S. Cartwright, and J. F. Engle, under their separate signatures and seals, and the name of the firm of Jones, Raper & Co. nowhere appears upon said mortgage.

From the testimony the facts appear as follows: That R. H. Raper, with the aid of W. T. Davis, procured a loan of $2,500 from one John L. Hinton on January 1, 1902, executing therefor a bond or note payable March 1, 1902, and signed individually by and under the separate signatures and seals of R. H. Raper, T. C. Jones, Florence E. Jones, W. S. Cartwright, and J. F. Engle, reading as follows:

"For value received [money], we, or either of us, promise to pay Jno. L. Hinton two thousand and five hundred dollars, with interest from date; said amount is to be paid by the first day of March, 1902.

"Witness our hands and seals.

| | | |
|---|---|---|
| | R. H. Raper. | [Seal.] |
| | "T. C. Jones. | [Seal.] |
| | "Florence E. Jones. | [Seal.] |
| | "W. S. Cartwright. | [Seal.] |
| | "J. F. Engle. | [Seal.] |

"Witness: W. T. Davis."

---

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 555.

No evidence appears on the face of the bond to show it was executed by the partnership of Jones, Raper & Co. It has no patent or latent ambiguity, and is clearly expressed. On March 27th, 26 days after the maturity of said bond, the said Hinton transferred it, "without recourse," to W. T. Davis, and received from the said Davis his unsecured note for $3,000 in lieu thereof. The said Davis, according to his own testimony, was insolvent at the time, and is still insolvent. After the aforesaid transfer, the said W. T. Davis transferred the said bond to his wife, the said G. M. Davis, respondent, for the consideration of $500. On the same date, viz., January 1, 1902, under their separate signatures and seals, the said R. H. Raper, T. C. Jones, W. S. Cartwright, and J. F. Engle executed to the said John L. Hinton what purports to be a mortgage conveying to the said Hinton "all the goods in store where they are doing business in E. City, N. C." This mortgage bearing date of January 1, 1902, was not presented for registration until 6 o'clock p. m., March 27, 1902, 26 days after maturity, and on the day prior to their petition to have the partnership adjudicated in bankruptcy, and was not recorded until March 28, 1902, the day of the adjudication of the partnership in bankruptcy. The mortgage was withheld from record at the request of the said R. H. Raper, and it was only presented for registration after the said Raper had informed the said W. T. Davis that the partnership of Jones, Raper & Co. would file a petition in bankruptcy the following day.

The mortgage itself nowhere indicates it is a partnership liability; only mentions the individuals in the body of the same, and not the partnership of Jones, Raper & Co.; and is signed by the individuals under their separate signatures and seals. The questions before the referee are: First. Whether the said mortgage is valid against the creditors of the partnership of Jones, Raper & Co. Second. Whether the mortgage constitutes a partnership liability of the partnership of Jones, Raper & Co., or an individual liability of R. H. Raper, T. C. Jones, W. S. Cartwright, and J. F. Engle. Third. Whether the bond constitutes a partnership liability of Jones, Raper & Co., or an individual liability of R. H. Raper, T. C. Jones, Florence E. Jones, W. S. Cartwright, and J. F. Engle. From the facts before me, and the written contracts, I must hold that the said mortgage, as against the partnership of Jones, Raper & Co., is void: First, for want of proper description and general vagueness; second, for failure of registration; third, for legal fraud, inasmuch as the failure to record was coupled with the fact that the parties executing the said mortgage were allowed to remain in possession of the stock of goods, and continued to sell and dispose of the same, during the period between the date of the execution of the mortgage and the date of their adjudication in bankruptcy. Cheatham v. Hawkins, 76 N. C. 335; Stroud v. McDaniel, 5 Am. Bankr. R. 695, 45 C. C. A. 453, 106 Fed. 493. I must also further hold that in no view of the case—the name of the partnership not appearing; being signed under the separate seals and signatures of the foregoing individuals; nothing being shown on the face of the instrument that it was intended to be a partnership liability; to whom the credit was given being clearly expressed in the instrument, and not ambiguous—could the mortgage be permitted to share pro rata with partnership creditors in the distribution of the partnership assets. Strause v. Hooper (D. C.) 5 Am. Bankr. R. 225, 105 Fed. 590. As to the bond, there appears nothing on its face to show it was executed by the firm of Jones, Raper & Co., or that it constituted a partnership liability of the partnership of Jones, Raper & Co.; but, on the other hand, it is signed individually by R. H. Raper, T. C. Jones, Florence E. Jones, W. S. Cartwright, and J. F. Engle, under their separate signatures and seals. Coll. Bankr. (3d Ed.) pp. 72, 73, says: "On the question whether an indebtedness was a firm or individual indebtedness, where all the members have incurred a written obligation by signing their respective names, instead of the firm name, the weight of authority is that it is an individual indebtedness of each of the members of the firm, not a partnership indebtedness." In re Webb, Fed. Cas. No. 17,313, and other cases cited. The language of the bond is the best evidence, the written contract itself, and this does not convey the idea that the firm of Jones, Raper & Co. promises to pay the note or bond,—certainly not as a partnership; but it is clearly expressed that the five individuals signing

the same do promise to pay the note or bond, in these words: "We, or either of us, promise to pay,"—and is signed under the separate signatures and seals of the aforesaid five individuals. The fact that the proceeds of this note or bond went into the partnership of Jones, Raper & Co., and were used by them to pay creditors, does not alter the situation in the least. The face of the note, or bond and mortgage, is the best and conclusive evidence as to whom the credit was given, except in case of fraud. Therefore this note or bond, signed individually under the separate signatures and seals of R. H. Raper, T. C. Jones, Florence E. Jones, W. S. Cartwright, and J. F. Engle, the contract being clearly expressed, and no evidence of fraud in its execution, with no evidence on its face that the firm of Jones, Raper & Co. was a party to its execution,—it cannot be proven as against the partnership assets of Jones, Raper & Co. until all the partnership debts have been paid in full. Strause v. Hopper (D. C.) 5 Am. Bankr. R. 225, 105 Fed. 590.

P. H. Williams and J. B. Leigh, for creditors.

R. W. Turner, for trustee.

E. F. Aydlett, for claimant.

PURNELL, District Judge. This cause having been certified by the referee for review, and having this day been heard, E. F. Aydlett, Esq., representing G. M. Davis, the claimant, P. H. Williams and J. B. Leigh, representing creditors, having filed a brief and being heard; after a careful examination of the record herein, it is considered, ordered, and adjudged that the opinion of the referee, Charles Guirkin, be and the same is hereby in all respects affirmed. The reasons stated by the referee for his conclusions are clear and sound, and while other reasons might be stated it is deemed unnecessary to do so at this time.

It is therefore considered, ordered, and adjudged that the claim of G. M. Davis be not allowed as a secured claim or a claim against the firm of Jones, Raper & Co., bankrupts.