## MOCK v. STODDARD.

(Circuit Court of Appeals, Ninth Circuit. March 21, 1910.)

No. 1,725.

1. EVIDENCE (§ 418*)—PAROL EVIDENCE—WRITTEN CONTRACT—WRITTEN NOTES —SIGNATURE—CAPACITY.

Parol evidence that the members of a firm, who signed a note individually, did so in fact for and on behalf of the firm, and that the note was executed for a firm obligation, was not objectionable as contradicting the terms thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1909; Dec. Dig. § 418.*]

2. PARTNERSHIP (§ 173*)—INDIVIDUAL NOTES—PARTNERSHIP OBLIGATION—EVIDENCE.

Where the holder of a note, executed by partners individually, testified that he thought the individual signature was better than the signature of the firm, and that there was no difference, knowing that only those signing the note were members of the firm, and that the note was given for lumber furnished the partnership, it was sufficient to establish the note as a partnership obligation.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 305; Dec. Dig. § 173.*]

3. PARTNERSHIP (§ 35*)—MEMBERS OF FIRM—ESTOPPEL.

Where, when S. withdrew from a bankrupt firm, there was no evidence that the firm had any creditors, and, though it appeared that the firm's books and credit slips did not show the full amount of the firm's indebtedness to S., there was no showing that S. was responsible for the omission, or that credit had been given the firm on the faith that the firm's indebtedness to S. was no larger than shown by the books and credit slips, such fact, and the further fact that S. negotiated notes for the firm, did not estop him to deny that he was a member thereof.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 50; Dec. Dig. § 35.*]

Appeal from the District Court of the United States for the Central Division of the District of Idaho.

In the matter of the estate of the Stoddard Bros. Lumber Company, a bankrupt. From an order allowing the claim of George Stoddard in part, the bankrupt's trustee appeals. Affirmed.

For opinion below, see 169 Fed. 190.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Johnson & Johnson and L. F. Clinton, for appellant.

Campbell, Metson, Drew, Oatman & MacKenzie, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

MORROW, Circuit Judge. The Stoddard Bros. Lumber Company, a partnership composed of A. K. Stoddard and Charles Moslander, doing business in Nampa, Idaho, was adjudicated a bankrupt on August 19, 1908, in the District Court of the United States for the District of Idaho, on the petition of certain creditors. The petition did not ask that the individual members of the firm should be adjudicated bankrupts, and no such adjudication was had. The partnership was originally organized April 1, 1896, by two brothers, George Stoddard and A. K. Stoddard, under the firm name of the Stoddard Bros. Lumber Company. On March 1, 1897, George Stoddard withdrew from the firm, selling his interest to A. K. Stoddard for the sum of $5,000, for which he received the notes of A. K. Stoddard. About this time Charles Moslander became a member of the firm. Thereafter A. K. Stoddard and Charles Moslander continued to be partners under the firm name of the Stoddard Bros. Lumber Company. George Stoddard, with two other brothers, constituted the firm of Stoddard Bros., of Baker City, Or. Between these two firms there appear to have been a number of business transactions, conducted by George Stoddard. The latter also became an individual indorser upon notes for the benefit of the Idaho firm, which George Stoddard was finally required to pay.

When the Idaho firm was adjudicated a bankrupt, George Stoddard presented claims against the firm amounting to $51,026.93 for the firm debts paid by him, including the renewed notes for the half interest sold to A. K. Stoddard. On presenting these claims to the referee in bankruptcy for allowance, they were objected to by the creditors and all disallowed; the referee holding with respect to the claim founded upon the renewed notes given for George Stoddard's interest in the firm that it was an individual debt of A. K. Stoddard, and not a partnership debt, and that as to two notes, of $6,000 each, given to George Stoddard and signed by the individual members of the firm, namely, A. K. Stoddard and Charles Moslander, the referee held that they were also individual debts of the partners. The referee held, further, with respect to the other claims wherein George Stoddard had paid debts of the firm, that George Stoddard was either a member of the bankrupt firm or had conducted himself in such manner in reference to the general public as to induce others to believe that he was a partner, and that such claims should therefore be postponed until all the firm creditors had been paid. Upon petition the questions were certified to the District Judge for review. The District Judge affirmed the opinion of the referee in disallowing the claims based upon the renewed notes given by A. K. Stoddard for the interest of George Stoddard in the firm, but sustained the provable character of other claims against the bankrupt estate, amounting to $46,651.93, less a liability of $375 found against George Stoddard on account of the release

of a second mortgage, wherein it was held that the creditors had lost that amount, leaving a balance of $46,276.93, which the referee was directed to recognize as a valid claim against the bankrupt estate. In re Stoddard Bros. Lumber Co. (D. C.) 169 Fed. 190. From this judgment of the District Court the appellant prosecutes the present appeal.

The first objection to be considered is the objection made to the evidence introduced for the purpose of showing that two notes, for $6,000 each, dated April 5, 1904, and signed by Alexander K. Stoddard and Charles Moslander individually, were for and on behalf of the partnership. The objection to this evidence was sustained by the referee, but in accordance with equity procedure the evidence was taken and certified to the court by the referee as part of the record of the proceedings. The evidence is the testimony of George Stoddard as follows:

"Q. What were those notes given for, Mr. Stoddard? (Objection. * * * Sustained.) A. For lumber furnished the business. Q. The business of whom? A. Stoddard Bros. Lumber Company. Q. You may state who furnished the lumber. A. It was furnished by Stoddard Bros., of Baker City. Q. State who was the owner of that claim of Stoddard Bros. A. Why, Stoddard Bros. It was assigned to me. Q. Where did the lumber go that you shipped? A. It went to Nampa, Idaho. Q. Who used the lumber? Who had the lumber? A. Why, it was shipped to the Stoddard Bros. Lumber Company. Q. State whether or not it has ever been paid for? A. No, sir; it has not. Q. You may state, if you know, why those notes were signed individually, instead of Stoddard Bros. Lumber Company. A. Why, I don't know; the two parties were there, and they just signed them in that way. I thought there was no difference, knowing that they were the two that constituted the business. I thought the individual signature was really better than the company's signature."

It is contended that these notes were individual notes, and not partnership obligations, and were not provable pro rata with claims of partnership obligations; that in the execution of these notes in the form of individual obligations there was no mistake, accident, duress, or fraud; and that the notes were signed individually because the obligee "thought the individual signatures were really better than the company's signature." The preliminary objection that parol evidence was inadmissible to show that these notes were given for and on behalf of the partnership, on the ground that such evidence tended to contradict and vary the terms of written contracts, is not tenable. The evidence was not introduced for that purpose. There is no controversy as to the terms of the written contracts. The question is: Whose contracts were they? Here are two individuals whose names are signed to these notes. They were partners in business, and had been for many years. The holder of the notes introduced testimony tending to show that they were partnership notes, given for partnership obligations. This evidence was admissible under the well-known rule that evidence is always admissible to show that the signature to a written instrument, although that of an individual and prima facie for the purpose of acknowledging an individual liability, is in fact that of an agent for an undisclosed principal.

In Salmon Falls Manufacturing Co. v. Goddard, 14 How. 446, 454, 14 L. Ed. 493, the Supreme Court said:

"Extraneous evidence is also admissible to show that a person whose name is affixed to the contract acted only as an agent, thereby enabling the principal either to sue or be sued in his own name; and this, though it purported on its face to have been made by the agent himself, and the principal not named. Higgins v. Senior, 8 Mees. & W. 834; Trueman v. Loder, 11 Ad. & Ell. 589. Lord Denman observed, in the latter case, 'that parol evidence is always necessary to show that the party sued is the party making the contract, and bound by it. Whether he does so in his own name, or in that of another, or in a feigned name, and whether the contract be signed by his own hand (or that of an agent), are inquiries not different in their nature from the question. Who is the person who has just ordered goods in a shop? If he is sued for the price, and his identity made out, the contract is not varied by appearing to have been made by him in a name not his own.'"

Whether the evidence was sufficient to establish the liability of the partnership is another question. It is contended that the testimony of George Stoddard that he "thought the individual signature was really better than the company's signature" establishes the fact that he received the notes as the individual notes of the partners. But this interpretation of his testimony ignores his previous statement that he "thought there was no difference, knowing that they were the two that constituted the business," and the other statement that the lumber for which the notes were given was furnished to the Stoddard Bros. Lumber Company. In other words, he thought that the notes signed by the individual partners for lumber furnished the business of the partnership constituted a partnership as well as an individual liability. The weight of authority appears to sustain such liability.

In the case of In re Warren, 2 Ware, 322, Fed. Cas. No. 17,191, in bankruptcy, the court held that where two persons who are partners unite in drawing a bill or making a note, though they signed their several names and not that of the firm, if it is in fact for partnership purposes, it will be treated as a partnership liability.

In the case of In re Thomas, 8 Biss. 139, Fed. Cas. No. 13,886, in bankruptcy, the court held that, though a note is signed by the members of a firm with their individual names, yet if the consideration, when received, is treated as copartnership funds, the note is a firm liability.

In Davis v. Turner, 120 Fed. 605, 609, 56 C. C. A. 669, reversing In re Jones (D. C.) 116 Fed. 431, cited by appellant, the question arose under the present bankruptcy act. The Court of Appeals for the Fourth Circuit held that:

"The referee, however, in his report, which was confirmed by the court in bankruptcy, holds as a matter of law that, because the bond is signed by the members of the firm individually under their separate signatures and seals, it is an individual debt, and cannot be proven, as against the partnership of Jones, Raper & Co., until all the partnership debts have been paid in full. In this conclusion we think there is error, and that, although the paper bears the signatures and seals of the individuals composing the firm, yet, from the uncontradicted evidence, it appears affirmatively and fully that the debt was contracted by the firm, for its benefit, and that the whole proceeds of the note were used in the due course of the partnership business. The undisputed evidence in the case establishes the fact beyond controversy that the bond to Hinton was for a firm debt, and we so hold, and that, as such debt, it is provable against the estate of the partnership in bankruptcy."

In the case of In re L. B. Weisenberg & Co. (D. C.) 131 Fed. 517, 522, referring to the question whether parol evidence was admissible

to show that joint notes signed by the members of a bankrupt partnership were in fact firm debts, the court said:

"It has been pointed out that it is not a violation of that rule to add a party to a contract in writing, either as obligee or obligor, to the extent laid down in the case of Nash v. Towne. If this is so, it is hardly a violation thereof to show in this proceeding that the joint liability of the two members of the firm of L. B. Weisenberg & Co. was in fact the liability of the firm. * * * My conclusion, therefore, is that the bank had a right to show, if it could, that the joint notes held by it were the firm debts of the bankrupt firm of L. B. Weisenberg & Co. Did it show that said notes were in fact firm debts? There is a difference in the authorities as to whether the joint notes of the members of a firm executed in the strict partnership business for a consideration passing to the firm, nothing else appearing, are to be treated as debts of the individuals or of the firm. In the following cases they were held to be debts of the individuals, to wit: In re Bucyrus Machine Co., Fed. Cas. No. 2,100; In re Holbrook, Fed. Cas. No. 6,588; In re Herrick, Fed. Cas. No. 6,420; Strause v. Hooper, 5 Am. Bankr. Rep. 225 [D. C.] 105 Fed. 590; In re Jones, 8 Am. Bankr. Rep. 626, 116 Fed. 431. The doctrine of these cases is approved in Collier on Bankruptcy (4th Ed.) 72, and in a note to the case of Strause v. Hooper by the author of that work—possibly, also, by Bump and Loveland in their works on Bankruptcy. Possibly the Holbrook Case is to be distinguished by the fact that the note in that case was signed also by other individuals, not members of the firm, as sureties, and it was the joint and several note of all, and not the joint note of less than all. Possibly, also, the Herrick Case is to be distinguished by same consideration. In the following cases the joint notes were held to be firm debts, on the ground that they were executed in the partnership business, and for a consideration passing to the firm, to wit: In re Warren, Fed. Cas. No. 17,191; In re Thomas, Fed. Cas. No. 13,886; Davis v. Turner, 9 Am. Bankr. Rep. 704, 120 Fed. 605, 56 C. C. A. 669. The same thing has been held in quite a number of state decisions, most of which have been cited by the counsel for the bank. And I think it may be correctly said that the decided weight of authority is to that effect."

In the case of Strause v. Hooper (D. C.) 105 Fed. 590, it was held that notes signed by both members of a partnership for money borrowed and put into the firm as capital were not provable against the estate of the partnership in bankruptcy. The facts in this case show that the money borrowed was obtained by the individuals for the purpose of contributing each his share to the capital of the partnership. These debts were of the character of the claims of George Stoddard in the present case, based upon the notes of A. K. Stoddard given to George Stoddard for his share of the partnership. It was correctly held by the court below that this was an individual debt, and not provable against the partnership. But there is a distinction between debts incurred by individuals for the benefit of the individuals in contributing capital to a partnership and debts incurred by a partnership in the business of and for the benefit of the partnership. This case is therefore not in conflict with the other cases that have been cited.

In re Bucyrus Machine Co., Fed. Cas. No. 2,100, In re Holbrook, Fed. Cas. No. 6,588, In re Herrick, Fed. Cas. No. 6,420, and In re Webb, Fed. Cas. No. 17,313, are cited by appellant as holding that notes given by the individual partners and not in the firm name are not provable against the partnership in bankruptcy, notwithstanding the notes were given for the benefit of the partnership; but these cases are all distinguishable, and in our opinion are not applicable to the facts in the present case.

It is next contended that George Stoddard so conducted himself after his withdrawal from the firm with reference to creditors and the world at large that he was estopped to deny that he was a partner in the firm. This conduct consists in the business of the firm being carried on in the name of the Stoddard Bros. Lumber Company; that after withdrawing from the firm he gave no notice to the public of such withdrawal; that he paid the debts of the firm, and that with one exception he had negotiated all loans procured for the firm, always acting as the firm's agent; that he failed to have the books of the firm show the full amount of the indebtedness due him.

The evidence is that George Stoddard had not been a member of the firm of Stoddard Bros. Lumber Company after March 1, 1897, and there is not a particle of testimony tending to show that any creditor of the firm believed or had reason to believe that George Stoddard was a member of the firm when credit was given. There was no evidence that when George Stoddard withdrew from the firm on March 1, 1897, the firm had any creditors. There were, therefore, no creditors to whom notice should have been given of such withdrawal. There was an effort made to show that the people of Nampa, where the business of the firm was located, regarded George Stoddard as a member of the firm. But the effort failed, and the fact was not proven. The fact that George Stoddard negotiated loans for the firm did not prove that he was a member of the firm, nor did the fact that he had become surety for the firm tend to establish that fact. It appears that the books of the firm and credit slips sent out by the firm in 1906 did not show the full amount of the indebtedness of the firm to George Stoddard; but it does not appear that he was in any way responsible for these omissions, nor does it appear that any credit was given the firm on the faith that the indebtedness of the firm to him was no larger than that shown by the books or credit slips. No one appears to have been misled or deceived to his prejudice by the conduct of George Stoddard, or by reason of his relations to the business of the firm. How, then, can it be said that he is estopped to deny that he was a member of the firm, and for what legal or equitable reason shall he be deprived of the right to prove the indebtedness of the firm to him? We find no grounds for such action in the record.

The District Court, in its opinion overruling the objection to such proof, said it should be overruled without prejudice to the right of any creditor in a proper proceeding to assert the responsibility of George Stoddard for any claim against the firm for which he might be liable by reason of the fact that he held himself out as a member of the firm, if in fact he did so hold himself out.

With a restatement of this qualification, the judgment of the court below is affirmed.