### In re C. H. KENDRICK & CO.

#### (District Court, D. Vermont. October 12, 1915.)

1. PARTNERSHIP ☞146—NOTES—FIRM AND INDIVIDUAL OBLIGATIONS—BANKRUPTCY.

Where a note in which the members of a partnership united, though signed in their several names, instead of the partnership name, was given in a partnership transaction, and the partnership received the consideration, it should be proved and allowed in bankruptcy as a partnership obligation.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 242–251, 253–255; Dec. Dig. ☞146.]

2. PARTNERSHIP ☞67—BORROWING MONEY—FIRM AND INDIVIDUAL OBLIGATIONS.

That a partnership, after borrowing money for which notes were given in the names of the partners, carried more stock than before, was not in itself sufficient to warrant a finding that the borrowed money constituted additional capital for the partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 95–100; Dec. Dig. ☞67.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of C. H. Kendrick & Co., bankrupts. On petition by the Quarry Savings Bank & Trust Company for a review of an order of the referee disallowing its claim of $2,500 against the bankrupt partnership. Order reversed, and claim allowed.

See, also, 226 Fed. 980.

Elwin L. Scott, Richard A. Hoar, and Alland G. Fay, all of Barre, Vt., for petitioner.

S. Hollister Jackson, of Barre, Vt., opposed.

HOWE, District Judge. C. H. Kendrick & Co. is a partnership composed of Clarence H. Kendrick and Eugene A. Prindle, and was formed on April 14, 1905, to engage in the retail drug business. On January 15, 1914, the partnership and the partners, individually, were adjudged bankrupts on a petition filed by their creditors. The Quarry Savings Bank & Trust Company was organized to and did succeed to the business of the National Bank of Barre, and C. H. Kendrick & Co. did their banking business with the National Bank and later with the Trust Company. Among other securities that the Trust Company took over from the National Bank were five promissory notes, for $500 each, which were signed: "C. H. Kendrick. E. A. Prindle." Three of these notes are still in their original form, and are dated November 7, 1905, May 1, 1909, and March 13, 1913, made payable to the order of the National Bank, two of them on demand and one in four months. The National Bank indorsed these notes to the Trust Company. The other two notes, dated April 3 and 18, 1913, are renewals, and are made payable to the Trust Company on their face.

These five notes were originally given to the National Bank for money which it loaned C. H. Kendrick & Co. to use in their drug business; it was all placed to the credit of the partnership in the National Bank at the different times the money was loaned, viz. June 1, 1905, $500; November 7, 1905, $500; June 15, 1906, $500; April 3, 1908, $500; and May 3, 1909, $500. The referee finds that the money was all properly used to pay obligations of the partnership contracted in the transaction of their business and for the purchase of new goods to enlarge their stock.

The evidence conclusively shows that Mr. Kendrick was the active partner and gave his whole time to the management of the business; that Mr. Prindle furnished much more of the capital than Mr. Kendrick, but, as he was engaged in other business, he gave very little of his time to the business of this partnership; that the method of having the notes signed by the individual partners, instead of the partnership name, was adopted at the request of Mr. Prindle, so that he would always be kept informed as to when and how much money was hired at the bank; and that the bank was fully advised of this arrangement and the reason for it. The bank sent all statements requesting payment of the interest on the demand notes to the partnership semiannually, and payments were made by the partnership accordingly; that notices of the maturity of the time notes were sent to the partnership, and they were renewed by giving new notes signed in the same way.

The trustee contends that the notes are the individual obligations of the partners, and show that the bank extended credit to the individuals instead of the partnership, and that they are not provable against the partnership. The referee disallowed the notes on these grounds.

[1] Although there are a number of cases sustaining the referee, the better rule, sanctioned by the later cases, is that, when persons who are partners unite in making a note, though they sign their several names, instead of the partnership name, if the note is one given in a partnership transaction and the partnership receives the consideration, it should be proved and allowed as a partnership obligation in bankruptcy. Mock v. Stoddard, 24 Am. Bankr. Rep. 403, 177 Fed. 611, 101 C. C. A. 237; In re Warren, Fed. Cas. No. 17,191; In re Thomas, Fed. Cas. No. 13,886; Davis v. Turner, 9 Am. Bankr. Rep. 704, 120 Fed. 605, 56 C. C. A. 669; In re Weisenberg & Co. (D. C.) 12 Am. Bankr. Rep. 417, 131 Fed. 517.

[2] The trustee claims that the money borrowed on these five notes should be found to constitute additional capital for the partnership, because they used a part of the money to enlarge their stock in trade. The capital was fixed by the partnership agreement at $4,000; $1,000 was furnished by Mr. Kendrick, and $3,000 by Mr. Prindle. There is no evidence in the case tending to show that they ever changed the capital, or considered a change in this regard, and the mere fact that the partnership carried more stock after they hired this money is not sufficient to warrant a finding that the capital was thereby increased

The order of the referee is reversed, and the petitioner's claim, of $2,500 and accrued interest, is allowed, and an order will be made accordingly.