## In re DAVIS & TROUSDALE.

(District Court, S. D. Texas, at Galveston. April 28, 1922.)

### No. 1449.

1. **Bankruptcy ⊕354—Notes held to evidence "individual debt" of partners, within Bankruptcy Act.**

Notes reading, "I, we, or either of us promise to pay," two of which were signed by both partners individually, and the other of which bore the name of the partnership by one of the partners, and all of which represented debts incurred for the benefit of the partnership, *held* to evidence the "individual debt" of the partners, within Bankruptcy Act, § 5f (Comp. St. § 9588), entitling the individual debts of the partners to be first paid out of the partners' individual property on bankruptcy of partnership.

[Ed. Note.—For other definitions, see Words and Phrases, Individual Debts.]

2. **Partnership ⊕217(1)—Burden is on firm to show it is not liable on paper bearing partnership name.**

Whenever a partnership name apears on commercial paper, the firm is presumably bound, and the burden is on the firm to show that it is not liable.

3. **Partnership ⊕146(1)—Obligation signed or indorsed in firm name, for benefits accruing to firm, a partnership debt.**

Any note or other obligation, signed or indorsed in the firm name, the benefits of which accrued to the firm, is a partnership debt.

4. **Partnership ⊕146(1)—Note or obligation for sole benefit of firm, though signed or indorsed by individual partner, is a partnership debt.**

Where the note or obligation, though signed or indorsed by an individual partner, is for the sole benefit of the firm, it is a partnership debt.

5. **Evidence ⊕459(3)—Parol evidence admissible to show notes signed by individual partners to be partnership obligations.**

Parol evidence is admissible to show that notes signed by individual members of a firm are partnership obligations.

In Bankruptcy. In the matter of Davis & Trousdale, bankrupts. On petition to review certificate of referee. Question answered, and cause remanded to referee, with directions.

Love, Wagner & Wagner and Wm. M. Nathan, all of Houston, Tex., for Houston Nat. Exch. Bank.

HUTCHESON, District Judge. The certificate of the referee, W. B. Lockhart, is as follows:

"At Galveston, in said district, on the 4th day of April, A. D. 1922, before W. B. Lockhart, referee in bankruptcy:

"I. W. B. Lockhart, one of the referees of said court in bankruptcy, do hereby certify that in the course of proceedings in said court before me, the following question arose pertinent to said proceedings: The Houston National Exchange Bank of Houston, Texas, filed its claim for $6,727.92, the consideration for said debt being three certain promissory notes dated January 29, 1920, for the sum of $3,000; February 18, 1920, for the sum of $2,000, less a credit of $500; December 6, 1920, for the sum of $1,380. The first two of said notes each bore the signature of A. B. Trousdale and J. F. Davis, Jr., and the third of said notes bore the signature of A. B. Trousdale, by Davis, and J. F. Davis, Jr.; the said notes on their face reading: 'For value received, I, we or either of us promise to pay,' etc. The said notes were all transferred, for a valu-

able consideration, to the Houston National Exchange Bank, and said Houston National Exchange Bank is now the legal owner and holder of said notes.

"I find from the evidence before me (see the signed statement of facts) that the notes executed by the said A. B. Trousdale and J. F. Davis, Jr., constitute partnership obligations of the said A. B. Trousdale and J. F. Davis, Jr. I have accordingly ruled that the claim of the said Houston National Exchange Bank shall be classed a claim against the bankrupt partnership consisting of A. B. Trousdale and J. F. Davis, Jr., and I have denied the said Houston National Exchange Bank the right to share ratably in the individual assets of the bankrupt, J. F. Davis, Jr., holding that the individual assets of J. F. Davis, Jr., must go first to the payment of his individual debts, and the remainder, if any, to the payment of his partnership debts. The Houston National Exchange Bank has filed a petition for review of the foregoing ruling. And the said question is certified to the judge for his opinion thereon."

The agreed statement of facts referred to in the certificate shows that the indebtedness evidenced by the notes sued on was incurred for the benefit of the partnership, and the money advanced on said notes was used by the partnership. The Houston National Bank, by exceptions, challenges these findings, urging that the debt evidenced by the notes constituted the joint and several obligations of the makers, J. F. Davis, Jr., and A. B. Trousdale, and that the referee erred in holding that it was not entitled to share in the individual assets of the bankrupt, J. F. Davis, Jr., until after his individual debts had first been paid.

The action of the referee, if the debts sued on are merely partnership debts, is in accordance with section 5f of the Bankruptcy Act (Comp. St. § 9588), which is merely declaratory of the equitable rule that partnership property is primarily a fund for the payment of partnership debts, and that the individual debts of the partners are entitled to be first paid out of the individual property. If, on the other hand, the obligations evidenced by the notes are also to be treated as the individual obligations of the partners, then the referee erred, because in that event it would be the right of the creditor to prove against both estates, and to have his claim adjudicated in the capacity of creditor of both the individual and the partnership estates.

[1] That the obligations were claims against the partnership seems to be conceded by the agreed statement of facts, and the only question is whether they were also individual obligations. I am of the opinion that the debt is clearly the debt of the individual as well, and that the referee erred. Questions of this kind usually arise where it is undertaken to establish that a debt apparently individual in form is in fact a partnership obligation; this, in order that partnership assets may be subjected to it. In these cases the rule seems to be that the question of whether it is or is not a partnership debt depends, not solely upon the form, but also upon the facts which underlie it.

[2-5] The following seem to be the general rules governing these matters: Whenever a partnership name appears on commercial paper, the firm is presumably bound, and the burden is on the firm to show that it is not liable. Any note or other obligation, signed or indorsed in the firm name, the benefits of which accrued to the firm, is a partnership debt. The note or other obligation of one of the individual partners, although given for a consideration moving to the partnership, may nevertheless be treated as an individual debt. In re Jones (D. C.)

116 Fed. 431. But where the note or obligation, although signed or indorsed by an individual partner, is for the sole benefit of the firm, it is a partnership debt, and it may be shown by parol evidence that notes signed by the individual members of a firm were partnership obligations. Davis v. Turner, 120 Fed. 605, 56 C. C. A. 669; In re Culver (D. C.) 176 Fed. 450; In re Stoddard Bros. Lumber Co. (D. C.) 169 Fed. 190.

The question as to the character of the debt will also arise when each member of the firm has in its behalf incurred an individual liability by signing his name instead of the firm name. The debt thereby becomes individual only. Strause v. Hooper (D. C.) 105 Fed. 590. The fact that the proceeds of a loan to a partner went into the partnership business, and was utilized by the partnership for partnership purposes, does not make the loan a partnership debt. The question is, in each individual case: Was credit given to a partner or to a partnership? Collier on Bankruptcy, p. 194 et seq.

In this case there is no dispute that the partnership was bound. That is admitted. It was apparently the opinion of the referee that, because the debt was a partnership obligation, it was not an individual one, which could be proven against the individual estate. That this is not the law I think appears from the authorities, which establish that a debt may be jointly and severally the obligation of the partnership and of the individual members of the firm, in which case proof may be made both as partnership and as individual creditor. In re McCoy, 150 Fed. 106, 80 C. C. A. 60; In re Kuhn & Co. (D. C.) 241 Fed. 935. In Reynolds v. New York Trust Co., 188 Fed. 611, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391, it is held that, where a partner converted property, the liability is that of the partnership, and not of an individual member, who did not participate in the conversion nor benefit thereby. The court in its opinion stated:

"Where there are separate and distinct * * * contracts of the firm and of a copartner to pay a debt contracted by the firm, the right to prove against both estates may be conceded. If one dealing with a firm procures also the individual undertaking of a partner to answer for the firm debt, there are substantial reasons for permitting him to resort to both estates."

To the same effect, see Buckingham v. First National Bank, 131 Fed. 192, 65 C. C. A. 498.

It should be borne in mind that here is not the case of a claim to the right to double proof, where an obligation was made in the firm name, without an additional independent obligation or undertaking on the part of the individual partners; but it is the case where the obligation was in the name of the individual partners, and the partnership was held liable, because the funds were procured for it. This kind of case seems to come clearly within the class of cases where, in addition to the firm obligation, there was a separate individual obligation of the partners.

It is true that Lamoille County National Bank v. Stevens' Estate (D. C.) 107 Fed. 245, opinion by District Judge Wheeler, holds to the contrary of this, and that it is there stated that the distinction between a partnership debt and individual debts turns upon the question of wheth-

er the debts were at the time of the adjudication, as between the individual and the firm, the separate debts of the individual or the joint debts of the firm, and not whether the individual was anyhow liable for the debts, and that if the debt was in fact a partnership debt, though indorsed by the partners, there could be no proof against the individual estate, and that substantially the same thing, is held by him in Re Mosier (D. C.) 112 Fed. 138. It might be just enough as between the partners and the partnership to hold this way, but where it involves the creditor it would not be, since the creditor taking the note of an individual, even though the proceeds were for the partnership, would have the right to rely upon both the obligation of the partnership and the individual.

The question certified by the referee is therefore answered adversely to his finding, and the cause is remanded to the referee, with directions to permit the proof of claim against both the individual and the partnership estates.