## In re HESS et al.

## In re WEIR et al.

(District Court, W. D. Pennsylvania. October, 1923.)

### No. 10381.

**1. Bankruptcy ⬿309—Claim of retiring partner maintainable against assets of partnership.**

Where retiring partner sold his interest to all remaining partners, the partnership assuming indebtedness for purchase price, a claim for purchase price could be maintained against assets of partnership subsequently becoming bankrupt, though judgment bond was signed by individual partners and did not contain name of firm.

**2. Bankruptcy ⬿309—Claim good against partnership after retirement of partners.**

In view of Partnership Act Pa. § 41, par. 1 (Pa. St. 1920, § 16636), one having a claim against a partnership of three members could enforce it against firm of two members which assumed debts after one had retired, without liquidation of partnership affairs, and, the partnership of two members having become bankrupt, claim may be filed against the estate in bankruptcy.

**3. Bankruptcy ⬿309 — Retired partners, though claims are provable, cannot enter into competition for fund with own creditors.**

Where two partners at different times sold out their interests to remaining members, the partnership in each case assuming indebtedness for the purchase price, though claims were provable in bankruptcy, neither could enter into competition for fund in hands of trustee with creditors whose claims dated back to a time prior to their retirement.

In Bankruptcy. In the matter of the estate of Gaches Elrick Hess and Loy H. Hanna, trading as Hess & Hanna, bankrupts. On review of referee's order refus-

ing to allow claim of Thomas D. Weir and J. E. Ligo. Remanded, with instructions.

Roy M. Jamison, of New Castle, Pa., for claimant.

GIBSON, District Judge. The referee has made an order whereby he has refused to allow the claims of Thomas D. Weir and J. E. Ligo against the bankrupt partnership. The undisputed facts are substantially as follows:

In May of 1919, Thomas D. Weir, S. G. Ligo, G. E. Hess, and T. A. Allen formed a partnership and proceeded to do business under the name of Weir, Ligo & Co. In July of the same year T. A. Allen sold his interest to Loy H. Hanna, and the partnership continued to do business under the same name. In October following, Thomas D. Weir sold his interest in the partnership to the other partners, Ligo, Hess, and Hanna, and the business was continued by them without liquidation of the partnership affairs, under the name of Weir, Ligo & Co. As a consideration for his interest, Weir received a certain judgment bond for the sum of $5,300. This bond was given by S. Garvin Ligo, Loy H. Hanna, and Gaches E. Hess, the remaining partners. The firm name, as such, was not affixed to it.

In December of 1920, S. Garvin Ligo sold his interest to the remaining partners, Hess and Hanna, and the business continued without liquidation of the partnership affairs, still under the same name. The consideration for S. Garvin Ligo's interest was four judgment notes, aggregating $1,800, signed by the two remaining partners, Hess and Hanna, and with the firm name (Weir, Ligo & Co.) attached, in favor of J. E. Ligo. The payee of the notes had loaned S. Garvin Ligo certain moneys, and the notes were made to him at the latter's request. Shortly after Mr. Ligo retired the firm name was changed to Hess & Hanna.

A few days before the bankruptcy petition was filed judgment was confessed upon the bond given to Thomas D. Weir, and an execution thereon issued against the goods of Hess & Hanna.

In due time the respective claims of Mr. Weir and Mr. Ligo were presented against the estate of Hess & Hanna. Exceptions were filed against each of the claims, and the referee, after hearing, sustained the exceptions and refused to allow the claims. At the request of the claimants the matter has been certified to this court.

[1] The referee based his decision upon the proposition that a retiring partner, who sells his interest to his partners, sells to them as individuals and not as a partnership, and consequently no claim for the purchase price of the interest can be maintained against the assets of the partnership.

We find ourselves unable to unqualifiedly agree to this position. We can conceive of many cases in which it is sound, but also some in which it requires qualification. It is applicable, for example, to the facts presented by Mock v. Stoddard (C. C. A. 9th Cir.) 24 Am. Bankr. Rep. 403, 177 Fed. 611, 101 C. C. A. 237, where the partnership was composed of A., B., and C. A. bought B's interest, giving his individual note for the purchase price. C. got nothing and signed nothing. In other words, the firm never assumed the indebtedness. The facts of the present case (as distinguished from conclusions of law), as they clearly and certainly appear from the testimony attached to the certificate, are such as to make the proposition inapplicable to it. Weir's interest was purchased by all the remaining partners, no one of whom purchased an undivided interest. The existing partnership assumed the indebtedness for the purchase price. True, as pointed out, the bond is signed by the individual names of the three partners, and does not contain the name of the firm. Form, however, is not controlling. The actual debtor, and those who actually received the credit, are required to pay. The mere fact that an obligation on its face appears to be the individual undertaking of a partner will not prevent its allowance as a claim against a partnership, if it appear that it actually was a firm obligation and the firm got the benefit of it. Mock v. Stoddard (C. C. A. 9th Cir.) 24 Am. Bankr. Rep. 403, 177 Fed. 611, 101 C. C. A. 237, and cases cited. The form of the obligation in the present case was perhaps due to the Pennsylvania Partnership Act, which requires a confession of judgment against a partnership to be signed by all the partners. That it was a partnership undertaking, and was so regarded by the partners, is beyond question. Their testimony is to that effect, but the fact is even more conclusively shown by the exhibits. The bankrupts' schedule has the Weir claim listed as a partnership debt, while the bond signed by the remaining partners, the basis of the claim, contains the following agreement: "And it is further hereby agreed that the said obligors shall keep a stock on hand of at least six thousand dollars ($6,000.00) in tires, tubes and accessories, and no fixtures to be sold without the consent in writ-

ing of the said obligee; that the said obligors are to render monthly financial statements to the said obligee setting forth the amount of business done and the stock on hand, and to permit the inspection of the books and stock of said obligors at any time by the said obligee, his attorney or agent."

It is plain, from the foregoing, that Mr. Weir was looking to the partnership for payment, and the partnership recognized that fact.

[2] The learned referee has placed considerable stress upon the fact that the claim is filed against the estate in bankruptcy of Hess & Hanna, while the obligation was that of Hess, Hanna, and Ligo, doing business as Weir, Ligo & Co. But Hess and Hanna, then doing business under the name of Weir, Ligo & Co., beyond all contradiction, assumed the debts of the partnership composed of Hess, Hanna, and Ligo, and continued the business without any liquidation of its affairs. Considering the matter only from the standpoint of Hess and Hanna, the firm is bound by section 41, par. 1, of the Pennsylvania Partnership Act (Purd. Dig. vol. 6, p. 7060 [Pa. St. 1920, § 16636]), which reads as follows: "When any new partner is admitted into an existing partnership, or when any partner retires and assigns (or the representative of the deceased partner assigns) his rights in partnership property to two or more of the partners, or to one or more of the partners and one or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business."

In view of the assumption of the debt of the preceding partnership by Hess and Hanna as Weir, Ligo & Co., we are of opinion that Mr. Weir's claim was, subject to certain qualifications to be later discussed, a proper claim against the bankrupt partnership.

The claim of J. E. Ligo, who stands in the place of S. Garvin Ligo, is based upon a direct obligation assumed by the bankrupt partnership. True, the judgment notes to J. E. Ligo were signed by the firm name of "Weir, Ligo & Co.," as well as by the individual partners, but the firm was then composed of Hess and Hanna, and the business was conducted by them without liquidation of the affairs of Weir, Ligo & Co.; the name only being changed. This claim, in our opinion, is also properly provable against the bankrupt partnership.

[3] But the claims of both Thomas D. Weir and J. E. Ligo, while provable against the bankrupt estate, may not be entitled to participate in the distribution of the fund in the hands of the trustee. The claimants cannot enter into competition for the fund with their own creditors. Mr. Ligo, representing S. Garvin Ligo, cannot participate in the distribution until Mr. Weir has been fully paid, as the latter is his creditor. Nor may he compete with other creditors of the bankrupt firm whose claims date back to a time prior to his retirement from Weir, Ligo & Co. Mr. Weir, also, is not entitled to participate with any persons, if any there be, whose claims arose prior to his retirement, until such claims have been paid. It may be that certain creditors of the partnership, whose claims arose after the retirement of either Mr. Weir or Mr. Ligo, may be able to establish as a fact that one (or both) of the claimants, by his conduct, has estopped himself from entering into the distribution until their claims have been fully paid. Unfortunately, the record is silent as to the financial condition of Weir, Ligo & Co., when either Mr. Weir or Mr. Ligo retired; also as to the dates of claims of other creditors, and of the notices given at the respective times the claimants retired from the partnership. In view of this fact, we feel unable to make final order allowing the claims in' the manner sought by claimants. The matter is remanded to the referee, to take such further proceedings as may be required in the premises, having in mind the opinions herein expressed.