### In re R. P. BROWN & CO. et al.

(District Court, S. D. Georgia, W. D. July 29, 1925.)

**1. Bankruptcy ⊂⊃309—Notes signed by individual partners will support claim against partnership.**

Notes signed by the members of a partnership in their individual names will support a claim in bankruptcy against the partnership.

**2. Bankruptcy ⊂⊃309—Creditors whose claims are in fact against partnership cannot also prove against estates of partners.**

Where claims were filed against a partnership estate and the debts were in fact those of the partnership, claimants cannot also prove their claims against the individual estates of the partners, though they are represented by notes signed by the partners individually.

In Bankruptcy. In the matter of R. P. Brown & Co., R. P. Brown, and J. D. A. Smith, bankrupts. On review of order of referee. Affirmed.

See, also, 291 F. 430.

Harris, Harris & Popper, of Macon, Ga., for claimant creditors.

Jay & Garden and A. J. & J. C. McDonald, all of Fitzgerald, Ga., opposing allowance of claim.

BARRETT, District Judge. The Glover Grocery Company, Sheffield Company, and E. A. Waxelbaum & Bro., Inc., brought an involuntary bankruptcy proceeding against R. P. Brown & Co., a partnership composed of R. P. Brown and J. D. A. Smith, which resulted in the adjudication as bankrupts of both the partnership and each individual. The petition alleged that "your petitioners are creditors of the said partnership known as R. P. Brown & Co., having provable claims against the said R. P. Brown & Co. which amount in the aggregate in excess of the value of securities held by them to more than $500." It further alleged "that the nature and amount of your petitioners'

claims are as follows: Glover Grocery Company, promissory notes aggregating the principal sum of $4,716.99, upon which there are credits totaling $451.30, making a balance due of the principal sum of $4,265.69; Sheffield Company, promissory note in the principal sum of $788.43, upon which there are credits amounting to $246.95, making the principal amount of said claim $541.48; E. A. Waxelbaum & Brother, Inc., on open account $184.98."

The defendants denied being subject to adjudication as bankrupts, but filed their schedule, in which it appeared affirmatively that the debts owing the said petitioners were all partnership debts. The defendant Brown testified in reference to the claims of the petitioning creditors: "Glover Grocery Company had a little open account besides the $4,500 note. The Sheffield Company has a promissory note on which there is a balance of $541.48, and E. A. Waxelbaum & Bro., $184.98. These people ship goods to R. P. Brown & Co. and these debts are for things shipped to them." The proof of claim of the Glover Grocery Company and of the Sheffield Company both averred "that said bankrupts were at and before the time the petition in bankruptcy was filed herein, and still are, justly and truly indebted" to Glover Grocery Company $4,410.46, represented by four certain promissory notes attached, and to the Sheffield Company $552.75, represented by a certain note attached. The notes in both cases read that "We promise to pay." All of the notes were signed: "R. P. Brown. J. D. A. Smith." In the case of the Sheffield Company, it was recited in the body of the note, "The consideration of this obligation is settlement of ledger account to April 1, 1921."

It is not denied by claimants that the sole consideration for these notes was for goods furnished to the partnership, nor that the claimants have participated, or at least sought to participate, in the partnership assets. Such claimants also seek to participate in the individual assets of the respective partners. Certain creditors of the individual members of the partnership contest the alleged right of claimants to so participate. That forms the issue.

[1] It is well established that the facts above stated would justify a proof of claim against the partnership based upon the notes signed in the individual names of the respective partners. Davis v. Turner, 120 F. 605, 56 C. C. A. 669, 9 Am. Bankr. Rep. 704; In re Weisenberg & Co. (D. C.) 131 F. 517, 12 Am. Bankr. Rep. 417; Mock

v. Stoddard, 177 F. 611, 101 C. C. A. 237, 24 Am. Bankr. Rep. 403; Adams v. Deckers Valley Lumber Co., 202 F. 48, 120 C. C. A. 302; In re C. H. Kendrick & Co. (D. C.) 226 F. 978.

[2] Under the foregoing authorities, this makes but one contract; that is, a contract of the partnership. Does it make a contract of the individuals?

There is no question that the individual members of a partnership may become individually liable by contract independent of their respective liabilities by reason of being members of the partnership. They may, for instance, become indorsers, sureties or guarantors, or they may sign a note in which it would be affirmatively stated that "we and each of us promise to pay." In such cases there would be two contracts and each would be given effect by permitting the creditor of the partnership to participate in the partnership assets and the creditor of the individual to participate in the individual assets. As is well said by Judge Buffington in the case of Robinson v. Seaboard National Bank, 247 F. 667, 669, 159 C. C. A. 569, 571 (10 A. L. R. 842):

"This is not a case of double proof on a single contract, but of single proof of two separate contracts. The referee and the court below enforced the two distinct contract obligations, embodied in the one note, by enforcing each contract." An earlier District Court case was to the contrary effect. In re Mosier, 112 F. 138.

The Circuit Court of Appeals of the Fifth Circuit, in Schall v. Camors, 250 F. 6, 162 C. C. A. 178, 10 A. L. R. 846, holds to the same effect. In that case the question was "as to whether a claim in its nature a tort, arising out of a partnership transaction, may be proven against the individual estates of the partners, when the claim has been filed and allowed as a claim in contract against the partnership estate." It was held that the alleged tort, if it established a provable claim at all, was one against the partnership and not against the individual members. The opinion clearly differentiates between the entities of the partnership and of the individuals, and, among others, are the following instructive statements: "In the administration of the present bankrupt law, therefore, the principle of the devotion of partnership assets to satisfy partnership debts, before the creditors of the individual members can resort to them for payment, and the reverse of this rule, should not lightly be departed from. If one, who is a creditor of the joint or partnership estate, is permitted to prove his claim against both the partnership estate and the individual estate of one or more of the partners, the principle would be infringed if the partner or partners had individual creditors." Again: "We think the determination as to whether the claim is partnership, or individual, or both, should depend upon the real character of the transaction, and, if that be unmistakably an exclusively partnership one, neither fiction nor implication should be resorted to to give it a different character. If the partners had by separate contract of guaranty obligated themselves to the claimants, such separate contract would have afforded a basis for a claim against their individual estates. So, if it had been shown that their individual estates had been enriched by the transaction complained of, or that they had been guilty of a separate and personal delinquency from that of the partnership, an individual obligation to make restitution to the injured claimant might have been implied. In the absence of a separate, individual obligation, or a showing of benefit moving to the partner individually from the transaction, we can see no reason for sustaining a double proof of claim in favor of the implied obligation, when it would not be sustained where the obligation is an express one."

The judgment of the referee in affirmed.