## BARRINGTON et al. v. MANER.
### No. 6297.

Circuit Court of Appeals, Fifth Circuit.
Jan. 13, 1932.

A. R. Stout, of Ennis, Tex., for appellants.

J. L. Gammon, of Waxahachie, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

To an action by appellee, as receiver of a failed national bank, against appellants Barrington and Horn individually on a note, which Barrington signed as maker and Horn as indorser, Barrington pleaded set-off of the amount on deposit in the bank to the credit of the Barrington & Horn Chevrolet Company and the Auto Loan Company, two

partnerships formerly owned by appellants, but which at the time suit was brought were owned individually by Barrington to whom Horn had previously assigned all his interest. At the close of the evidence, the trial court withdrew from the jury the plea of set-off, and directed a verdict for appellee for the balance shown to be due on the note.

Originally appellants and one Banner were engaged in selling automobiles as partners under the firm name of Barrington & Horn Chevrolet Company. They sold many automobiles on credit, and, to avoid embarrassment in enforcing collections from purchasers, the Chevrolet Company would indorse security notes to the Auto Loan Company, which was used merely as a collecting agency. The Chevrolet Company applied to the bank for a line of credit up to $20,000, which was extended, but when the three partners went to obtain their first loan the bank requested, and they gave, notes signed by one of them as maker and by the other two as indorsers. This was done at the suggestion of the bank; the reason given by it being that the loan exceeded the maximum percentage of its capital stock permitted by law. The original and all subsequent loans were placed by the bank to the credit of the partnership known as the Chevrolet Company, and were withdrawn in the regular course of business, being used solely for purposes of the partnership, and never for the separate personal benefit of the individual partners. Long before the bank failed, Banner sold his interest to appellants. At the time the receiver was appointed, the bank held the note in suit, which was given and accepted under the original plan to extend credit; and the balance on deposit in the name of the partnership was the amount alleged by Barrington in his plea of set-off. After the appointment of the receiver, but before suit, Barrington bought Horn's interest in the partnership business, including the deposit, and assumed all the liabilities of that business; particularly liability on the note sued on.

Debts which are mutual may be set off against each other. Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Revised Civil Statutes of Texas 1925, art. 2015. Appellee could have maintained an action on the note against appellants as partners, since the debt was contracted on behalf of the partnership, and it received the benefit, under an agreement with the bank that the note was a partnership obligation. This is true, notwithstanding the fact that the note was executed by the partners as individuals. Mock v. Stoddard (C. C. A.) 177 F. 611; In re Kendrick & Co. (D. C.) 226 F. 978; Frederick v. Citizens' National Bank (C. C. A.) 231 F. 667; In re Davis & Trousdale (D. C.) 280 F. 136. If this suit had been brought against appellants as partners, it is clear that the debts would be mutual. It is manifest that the debts are not deprived of their mutuality merely by the circumstance that the suit was brought against the partners as individuals. At the time of bringing suit, Barrington had acquired Horn's interest, and was the sole owner of the business. There was no longer a partnership. Barrington therefore was entitled to set off the debt due by the bank to the former partnership against the bank's note. Craig v. Henderson, 2 Pa. 261, 44 Am. Dec. 193; Slipper v. Stidstone, 5 T. R. 493; 24 R. C. L. 868.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.