## In re A. F. VAN RHEEDEN & SONS.

## MAYER BROS. et al. v. VAN RHEEDEN.

(Circuit Court of Appeals, Seventh Circuit. January 22, 1924.)

No. 3299.

**Partnership ⊂⟹217(3)—Evidence held to justify finding that debt was partnership obligation.**

Evidence *held* to justify a finding that the debt of bankrupts to claimants was a partnership obligation.

Appeal from the District Court of the United States for the Eastern District of Illinois.

In the matter of A. F. Van Rheeden & Sons, bankrupt. From the allowance of the claim of Mrs. A. F. Van Rheeden, Mayer Bros. and others, acknowledged creditors, in the name of their trustee, Harry Kerr, appeal. Affirmed.

R. N. McConnell, of Chicago, Ill., for appellants.

John H. Chadwick, of Tuscola, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Bankrupt was a copartnership conducting a mercantile business at the time of bankruptcy. Appellee was an alleged creditor who filed an unsecured claim for $6,462.04. Appellant was an acknowledged creditor, who objected to the allowance of appellee's claim. Giving full force to the testimony as presented to us and overlooking any objections which might be made to its consideration, it appears:

That bankrupt attended to the business affairs of claimant, who was the mother of the three individual members of the bankrupt firm: that bankrupt collected rents and other moneys for her and deposited it in the partnership name and also paid bills for appellee; that bankrupt's book showed all the transactions occurred between claimant and the copartnership, and the record had thus been kept for years; that once a year a balance was struck, and a note given claimant for such balance; that none of the moneys represented by the notes was received by or used by any of the individual members of the copartnership; that the notes given by the three partners to evidence the indebtedness were given for and on behalf of the partnership, and were intended to bind the copartnership for the amounts received; that the notes were signed by each of the members of the copartnership with the intention of creating a partnership obligation, and no other; that the individual members of the partnership never advised or took counsel on the legal effect of signing the notes in their individual names.

Upon this evidence the referee was justified in finding that the debt was a partnership obligation. In re Davis & Trousdale (D. C.) 280 Fed. 136; In re C. H. Kendrick & Co. (D. C.) 226 Fed. 978; Davis v. Turner, 120 Fed. 605, 56 C. C. A. 669; Mock v. Stoddard, 177 Fed. 611, 101 C. C. A. 237.

The decree is affirmed.

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes