## In re A. R. VAN RHEEDEN & SONS.

### MAYER BROS. et al. v. VILLA GROVE STATE BANK.

(Circuit Court of Appeals, Seventh Circuit. February 13, 1924.)

No. 3300.

Bankruptcy ⊜⟹309—Loan to partnership held provable against its estate, though notes of the individual partners were taken.

Where it is conclusively shown that a loan by a bank was made to a partnership, that the proceeds were placed to the credit of the partnership, and were checked out by it in the conduct of its business, the bank does not lose the right to prove its claim against the estate of the partnership in bankruptcy by the fact that it took the notes of the individual partners for the debt.

Appeal from the District Court of the United States for the Eastern District of Illinois.

In the matter of A. R. Van Rheeden & Sons, bankrupts. Mayer Bros. and others, in the name of their trustee, Harry Kerr, appeal from an order allowing the claim of the Villa Grove State Bank. Affirmed. See, also, 295 Fed. 689.

R. N. McConnell, of Chicago, Ill., for appellants.
John H. Chadwick, of Tuscola, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellants appeal from a decree allowing appellee its claim against bankrupt for $4,000. Upon the hearing on claims, the referee, C. B. Thomas, allowed the claim. Appellants thereupon petitioned the District Court to review the referee's order assigning various exceptions, and prayed that the referee send up with his order the evidence. The order of the referee was approved, from which decree this appeal was taken.

Attention is first called to the fact that the referee, though requested so to do, did not send to the District Court a copy of the evidence, or give any reason for his failure so to do. General Order in Bankruptcy No. 27 provides:

"When a bankrupt, creditor, trustee or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

No satisfactory explanation has been offered for the referee's default. We are at loss to understand how the court could affirm or reverse an order without the evidence, unless it appeared that no evidence was preserved. Appellee's claim against bankrupt was for borrowed money. Appellants insisted that the obligation was the debt of the individual members of the partnership, and not the obligation of the partnership. To intelligently dispose of this question, it was necessary to study the evidence.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This failure to consider the evidence would result in a reversal of the decree, but for the fact that after the record reached this court, at appellants' request, the referee was directed to file the testimony with the clerk of the District Court, and that official was ordered to send the same to this court. We have the statement of the evidence now before us. Neither side objects to our considering it, nor to the method whereby it was obtained and certified to us. It will therefore save a second trial, and perhaps another appeal, if we consider the same at this time and dispose of the issues on their merits.

It appears, to quote from the referee's "report of the summary of the evidence," that:

"The copartnership of A. F. Van Rheeden & Sons needed money to carry on its business, and the members of the copartnership made an arrangement and agreed with the Villa Grove State Bank, of Villa Grove, Ill., the claimant in this cause, to borrow the sum of $4,000 from said bank, for the use of the firm, said bank agreeing to loan the money to the copartnership, for said purpose, and did loan the copartnership, for the use of the copartnership, the sum of $4,000, and as evidence of said indebtedness the three notes on which claimant is making its claim in this case, which are marked Exhibit B, signed by Louis H. Van Rheeden, a member of said firm, Exhibit C, signed by Henry A. F. Van Rheeden, a member of said firm, and Exhibit D, signed by Fred W. T. Van Rheeden, a member of said firm, were duly executed and delivered to said bank. No one of the individual members of said copartnership received the money that was loaned the said copartnership, but the money was placed by said bank, by direction of the members of said copartnership and by agreement thereof, to the credit of said copartnership by said bank. This was in compliance with the agreement between the bank, acting by its officers, and the members of said copartnership.

"This money was used by the copartnership in carrying on its business, no part of which was ever received or used for their individual benefit by any member or members of said copartnership. It was further agreed between said bank and the members of said copartnership, at the time the loan was made, that said copartnership should pay the loan. These notes were given in renewal of previous loans made the said copartnership by said bank, under the same terms and conditions. When renewals were made, the copartnership paid the interest on said loans to the bank up to the time of said renewals by giving its check to the bank. Further, that the records of said Villa Grove State Bank, of Villa Grove, Ill., show that all of the money paid out by the bank on account of said loan was placed to the credit of said bankrupt firm of A. F. Van Rheeden & Sons, and that the bank records show that no part of said loan was placed to the credit of any individual member of said firm of A. F. Van Rheeden & Sons, and that no member of said firm had any account or credit or deposit, or individual deposit, in said bank whatever."

In the case of Mayer Bros. v. Van Rheeden, 295 Fed. 689, decided at this term, we considered another claim filed in this same bankrupt matter, and held the obligation to be one of the copartnership. It is contended, however, that the present case is distinguished from the above-cited case, because of one fact not herebefore mentioned. The referee further says:

"One witness at the hearing, at first creditors' meeting, stated in substance that, as he understood it, the three notes were signed individually to avoid the bank making an excessive loan to the copartnership. There was no evidence drawn out, however, to show the amount of the capital stock and surplus of the bank, or whether the copartnership owed the bank any more than this $4,000, so that I was unable to ascertain, and do not now know, whether the $4,000 would have been an excessive loan or not."

The notes at best were but evidence of an indebtedness—of moneys loaned. The fact that the bank took the note of the individual members of the firm did not necessarily wipe out the obligation of the copartnership. Proof of such obligation rests in parol, and it was conclusively established that claimant loaned its money to the copartnership. Under certain circumstances, a loaner may surrender its claims against the borrower, and accept the promise of some other individual or company. The facts in each individual case must necessarily determine the question.

We conclude that the evidence here submitted supports the finding that the obligation was a copartnership obligation, and that claimant did not lose its right to enforce its claim against the partnership by taking the individual notes referred to in the evidence. See cases cited in Mayer Bros. v. Van Rheeden, supra.

The decree is affirmed.