### In re STRAUSS et al.

### SHIRE et al. v. HUMMEL et al.

(Circuit Court of Appeals, Seventh Circuit. December 4, 1925.)

#### No. 3610.

1. **Partnership ⊚⇒254—Whether obligation resulting from purchase of deceased partner's interest is partnership or individual depends on contract.**

Where partners contract to purchase interest of deceased member, whether obligation is a partnership or individual one is a question of fact, depending on intent, as shown by contract of purchase.

2. **Bankruptcy ⊚⇒354—Obligation of surviving partners on purchase of deceased's interest held individual, and not partnership, obligation.**

Where surviving partners contracted with executors of deceased partner for purchase of his interest, obligation *held* individual, and not partnership, obligation.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Gustave C. Strauss and others, bankrupts. Application by Moses E. Shire and another, as trustees, for the allowance of a claim, opposed by Fred E. Hummel, as trustee of the estate of G. C. Strauss and S. W. Strauss, bankrupts. From an order denying the claim as against the bankrupt partnership, and allowing it as against individual members, claimants appeal. Affirmed.

Oscar M. Wolff, of Chicago, Ill., for appellants.

Edmund P. Kelly, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This appeal is from an order disallowing a claim filed by appellants against the partnership estate for Strauss Bros., bankrupt.

For many years, three brothers, Maurice, Gustave, and Siegfried Strauss, as copartners, conducted a large wholesale tailoring business in Chicago under the firm name of Strauss Bros. Maurice, because of ill health, withdrew from active participation in the firm business in 1911, and died in 1916. Shortly thereafter, the two brothers, by written contract, purchased the interest of the deceased partner for $180,000, payable in installments.

The original articles of partnership provided: "That upon the death of any of said copartners the said copartnership shall immediately cease as to him, but shall continue as to the survivors in accordance with the terms of the contract."

The petition in bankruptcy was filed against the partnership and against Gustave C. and Siegfried W. Strauss as individuals, on May 28, 1923, and the partnership as well as the individual members thereof were duly adjudged bankrupts. Appellants, as trustees under the will of the deceased partner, Maurice M. Strauss, filed a claim against the bankrupt estate of the partnership. The referee found the liability to be one of the individual members of the partnership, but not a partnership obligation.

The referee reporting the matter to the court, said: "I was satisfied from the evidence offered that the contract on which the claim was based was the individual contract of the two surviving partners and was not a partnership agreement, and that the partnership assets could not be used to pay the claim, and I therefore disallowed said claim as a claim against the partnership assets, but did allow said claim as a claim against the individual assets of Gus C. Strauss and Siegfried W. Strauss."

The court confirmed the report of the referee, and affirmed his order disallowing the claim against the partnership.

[1, 2] Whether the obligation was a partnership or an individual one depends upon the contract of sale above referred to and made August 1, 1916. At the time this

contract was executed, Maurice Strauss was dead. As to him the copartnership had terminated. His executors and the surviving members of the partnership sought by this agreement to ascertain the amount of the estate's interest in the partnership and to provide (through installment payments covering 30 years) for the liquidation of this large sum. The executors dealt with the individuals, Gustave and Siegfried, and not with the partnership. This is evidenced by the fact that the individuals and the individuals only signed the agreement, which among other things, provided:

"Now, therefore, for and in consideration of the true and faithful performance by each of the parties hereto of the terms, conditions, and covenants of this contract to be by the respective parties performed, it is hereby mutually covenanted and agreed:

"First. That the interest of said Maurice M. Strauss in the business and affairs of Strauss Bros. shall be taken, considered and valued at the sum of one hundred and eighty thousand dollars ($180,000.00) at the date of the death of said Maurice M. Strauss.

"Second. That said Fannie S. Strauss and Jacob J. Abt, as trustees under the last will and testament of Maurice M. Strauss, and the said Fannie S. Strauss, Jacob J. Abt, and Moses E. Shire, as trustees under the last will and testament of Maurice M. Strauss, shall and do hereby transfer, sell, assign, and set over to Gus C. Strauss and Siegfried W. Strauss all the right, title, and interest of every nature and description whatsoever which the said Maurice M. Strauss possessed at the date of his death, or which they, the said executors and trustees, do now possess or claim in and to all of the merchandise, machinery, fixtures, stock on hand, moneys, bills or accounts receivable, good will, and assets of every nature and description whatsoever of the said business heretofore during the lifetime of said Maurice M. Strauss conducted under the firm name and style of Strauss Bros. * * * "

The purchasers agreed as follows: "For and in consideration of the sale, transfer and assignment of said interest of Maurice M. Strauss and of said executors and trustees to said Gus C. Strauss and Siegfried W. Strauss, the said Gus C. Strauss and Siegfried W. Strauss do hereby jointly and severally agree to pay to said Fannie S. Strauss and Jacob J. Abt and Moses E. Shire, as trustees under the last will and testament of said Maurice M. Strauss, the sum of one hundred and eighty thousand dollars ($180,-

000.00), which said sum shall be payable in the following installments."

It was further provided: "Fifth. Contemporaneously with the execution and delivery of this contract, the said trustees and executors shall deliver to the said Gus C. Strauss and Siegfried W. Strauss their certain bill of sale, evidencing the transfer of all of their right, title and interest in and to the business, affairs and assets of said Strauss Bros. to the said Gus C. Strauss and Siegfried W. Strauss."

The books of Strauss Bros. from 1916 to date of bankruptcy were received in evidence, and at no time or place did this liability appear as a partnership obligation. Moreover, financial statements were prepared by Strauss Bros. and submitted to creditors at various times after August 1, 1916, but in none of them was this amount recognized as a firm obligation. It further appears that the payments made under this contract were by the individual checks of Gustave C. Strauss and Siegfried W. Strauss. At no time was there a payment made by, or out of the funds of, Strauss Bros.

While we recognize that this issue is one of fact, and perhaps, more specifically, one of intention (In re Van Rheedan & Sons, Bankrupt [C. C. A.] 295 F. 689, 297 F. 819), we are satisfied that the trial judge correctly held this contract created an individual liability, rather than a partnership liability.

The decree is affirmed.